WO

MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Lamont Tillard,<br>　　　　　Plaintiff,<br>v.<br>M. Strawser, et al.,<br>　　　　　Defendants. | No. CV 20-00922-PHX-JAT (DMF)<br><br>**ORDER** |

Plaintiff Thomas Lamont Tillard, who is confined in the Pinal County Adult Detention Center, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will order Defendants Strawser and Garibay to answer Count One of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.　　Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $28.53. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

TERMPSREF

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III. Complaint

In his two-count Complaint, Plaintiff asserts claims for excessive force and "misuse of power" against San Tan Valley Sheriff's Deputies M. Strawser, J. Cruz, J. Garibay, and N. Waggoner. Plaintiff is seeking monetary damages.

In **Count One**, Plaintiff alleges that on May 11, 2019, two San Tan Valley Sheriff's deputies were dispatched to his residence "for a possible domestic violence." (Doc. 1 at 4.) Upon arrival one of the deputies, Defendant Strawser, approached Plaintiff, who was lying facedown on the floor, and immediately handcuffed him. Defendant Strawser asked Plaintiff if he had any weapons on him, and Plaintiff responded, "No." (*Id.*) Strawser searched Plaintiff's pants pocket and recovered two grams of methamphetamine, $246.00, two cigars filled with marijuana, a small glass jar containing marijuana residue, and Plaintiff's wallet, which contained his driver's license and medical marijuana card. Defendant Strawser then pulled Plaintiff to his feet by the handcuffs, using a "yanking motion" that caused Plaintiff to "jack[]knife into Deputy Strawser." (*Id.*) According to Plaintiff, this technique did not reflect "proper departmental procedure." (*Id.*)

Plaintiff was transported to the San Tan Valley Sheriff's Department substation, where he was placed in an "open cell." (*Id.* at 5.) Plaintiff politely asked Defendants to provide him water and loosen his handcuffs, but there was "no response from the four [Defendants]," who were "standing around." (*Id.*) After approximately twenty minutes, Plaintiff began to worry about the deputies' motives "upon hearing giggles and remarks about [P]laintiff being black in their town." (*Id.*) While Plaintiff was seated on a concrete bench, Defendant Garibay entered the cell, said, "Domestic violence, huh?", and grabbed Plaintiff's handcuffs. (*Id.*) Garibay then pulled Plaintiff's arms, which were handcuffed behind his back, into the air. Plaintiff "went into a folded sitting position on his side, with his face pressed against the cinder block wall." (*Id.*) Defendant Garibay then "jammed his right knee into [P]laintiff's side ribs [and] stomach," causing Plaintiff severe pain and difficulty breathing. (*Id.*) Plaintiff cried out and pleaded, "[P]lease stop, you're hurting me!"; shortly thereafter, he lost consciousness. (*Id.*)

Defendant Cruz transported Plaintiff to the "Pinal County Adult Detention Facility, Florence Jail," but the jail would not admit Plaintiff because he had sustained multiple injuries. (*Id*. at 6.) Cruz then transported Plaintiff to Horizon Services[1] with the "same out[]come." (*Id*.) Plaintiff was ultimately transported to Banner Ironwood Hospital, where he was hospitalized for seven days due to kidney failure/malfunction,[2] massive edema on his left arm, and abrasions and contusions on the left side of his face. (*Id*.) While he was in the hospital, Plaintiff had an individual come and photograph his injuries and "witness his story about the Sheriff Department[']s brutality." (*Id*.) Plaintiff appears to allege that he suffered kidney failure/malfunction; edema and swelling in his left arm, hand, thumb, and fingers; and three weeks of lost pay as a result of Defendants' use of excessive force. (*Id*.)

In **Count Two**, Plaintiff asserts a claim for "misuse of power" against Defendants, alleging that each Defendant was "present throughout" the incident described in Count One. Plaintiff also restates his allegations regarding Defendant Cruz's transfer of Plaintiff to Banner Ironwood Hospital, alleging that Cruz's detours to the Pinal County Adult Detention Facility and Horizon Medical Services took approximately one hour and forty minutes. He further alleges that "the investigation report did leave out important Joint accountability detail[]s."

### IV. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link

---

[1] This facility is identified in Count Two as "Horizon Medical Services."

[2] According to Plaintiff his kidney condition was described in hospital records as "kidney failure/malfunction, in part Albumin to creatinine ratio, . . . irregular functioning over 5,000, in which, regular function below/normal under 30." (Doc. 1 at 6.)

between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.     Defendant Waggoner

Plaintiff does not allege any specific facts against Defendant Waggoner in particular. The only allegations against Waggoner consist of Plaintiff's claim in Count One that all four Defendants failed to respond to Plaintiff's requests for water and his claim in Count Two that all Defendants "were present throughout this incident[] on May 11, 2019."

An allegation that Defendants withheld water could implicate Plaintiff's Fourteenth Amendment right to be free from punishment prior to an adjudication of guilt, *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979), but Plaintiff has failed to allege sufficient facts to support a cause of action based on this conduct. To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). It is not clear from the Complaint that the Defendants heard Plaintiff's requests or had any reason to believe that a failure to provide him water for the period of time in which he was held at the San Tan Valley Sheriff's Department substation would expose him to a substantial risk of serious harm. Accordingly, Plaintiff has failed to state a claim against Waggoner—or any of the other Defendants—on this basis, and this portion of Count One will be dismissed.

. . . .

To the extent Plaintiff alleges that Waggoner was "present" when the other Defendants used excessive force, he has not included enough information to state a claim against Waggoner for failing to intervene. Although law enforcement officers "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen," only an officer who had a "realistic opportunity" to intercede may be held liable for failing to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996)). Plaintiff does not allege any facts to show that Waggoner was not only present when his co-Defendants used excessive force but was also in a position to intervene. Accordingly, Plaintiff has failed to state a claim against Waggoner, and this Defendant will be dismissed without prejudice.

### B.     Defendant Cruz

As discussed above, Plaintiff's allegations regarding Defendant Cruz's "presen[ce]" on May 11, 2019, and failure to respond to Plaintiff's requests for water are insufficient to state a claim under § 1983.

Insofar as Plaintiff claims that Defendant Cruz threatened Plaintiff' safety by failing to transport him directly to a hospital, the allegations in the Complaint are inadequate to state a claim. The standard for a Fourteenth Amendment failure-to-protect claim mirrors the conditions-of-confinement standard identified in *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018), and recounted above. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Although Plaintiff was allegedly refused admission to the Pinal County Adult Detention Facility on the basis of his injuries, it is not clear that his injuries indicated he would face a substantial risk of serious harm unless he was treated immediately at a hospital. It does not appear that Plaintiff's kidney failure/malfunction was perceptible to Defendants at that time, and Plaintiff's other injuries, as described in the Complaint, would not necessarily have caused a reasonable official to conclude that Plaintiff required immediate treatment at a hospital. Moreover, it is not apparent from the Complaint that the delay associated with Defendant Cruz's route

caused Plaintiff additional harm. Accordingly, Plaintiff has failed to state a claim against Defendant Cruz, and this Defendant will be dismissed without prejudice.

### B.     Defendants Strawser and Garibay

For the reasons set forth above, Plaintiff's allegations regarding his requests for water and the presence of Defendants throughout the May 11, 2019 incident are insufficient to state a claim based on a threat to Plaintiff's safety. Accordingly, Plaintiff has failed to state a claim against Defendants Strawser and Garibay in Count Two, and this count will be dismissed without prejudice.

## V.     Claims for Which an Answer Will Be Required

Liberally construed, Plaintiff has stated an excessive force claim in Count One against Defendants Strawser and Garibay, and these Defendants will be required to respond to that portion of the Complaint.

## VI.    Warnings

### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff

TERMPSREF

must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $28.53.

(3)  Count Two is **dismissed** without prejudice.

(4)  Defendants Cruz and Waggoner are **dismissed** without prejudice.

(5)  Defendants Strawser and Garibay must answer Count One.

(6)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Strawser and Garibay.

(7)  Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(11) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

  (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

  (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15)   This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 30th day of June, 2020.

James A. Teilborg
Senior United States District Judge